CYNTHIA LAWRENCE (SBN 148924)
NORMA PEDROZA CHAVEZ (SBN 177736)
SIMS, LAWRENCE & BROGHAMMER
2261 Lava Ridge Court
Roseville, CA 95661
Telephone: (916) 797-8881
Facsimile: (916) 253-1544
Email: cynthia@sims-law.net
       norma@sims-law.net

Attorneys for Defendants/Cross-Defendant
CAPITOL ELEMENTARY SCHOOL, INC. and
Defendant IRA ROSS

STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., by and through her Guardian Ad Litem, Tiffany Roe,<br><br>Plaintiff,<br><br>vs.<br><br>Elk Grove Unified School District, Capitol Elementary School, Inc., Marilyn Delgado and Ira Ross, as individuals, and DOES 1 to 10,<br><br>Defendants. | Case No. 2:20-CV-02296-KJM-AC<br><br>**CROSS-DEFENDANT CAPITOL ELEMENTARY SCHOOL, INC.'S ANSWER TO ELK GROVE UNIFIED SCHOOL DISTRICT'S CROSS-CLAIM** |

Defendants/Cross-Defendant CAPITOL ELEMENTARY SCHOOL, INC. ("CES") hereby submits its Answer and Affirmative Defenses to Elk Grove Unified School District's (EGUSD") Cross-Claim as follows:

**ANSWER TO ELK GROVE UNIFIED SCHOOL DISTRICT'S CROSS-CLAIM**

1.  Answering Paragraph 1 of the Cross-Claim, the paragraph sets forth EGUSD's alleged pleading activities to which no response is required. To the extent an answer is required, Cross-Defendant lacks sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

**FACTUAL ALLEGATIONS**

2. Answering Paragraph 2 of the Cross-Claim, the first, second and third sentences of that paragraph set forth Plaintiff's alleged pleading activities in this case to which no response is required. To the extent an answer is required, Cross-Defendant lacks sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

3. Answering Paragraph 3 of the Cross-Claim, Cross-Defendant denies both each allegation contained in the first sentence as it is worded. As to the first sentence, Cross-Defendant admits that Capital Elementary School, Inc. and Elk Grove United School District entered into a Master Contract for Nonpublic, Nonsectarian School/Agency Services on or about July 1, 2019 for the purpose of providing special education and/or related services to students with exceptional needs. Cross-Defendant denies both generally and specifically the allegations in the second sentence. The Master Contract and documents attached as Exhibit B to the Cross-Claim is for Capitol Academy, Inc., which is a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc. Cross-Defendant denies both generally and specifically the allegations in the third sentence. The effective dates listed are related to the Master Contract attached as Exhibit B to the Cross-Claim which is for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

4. Answering Paragraph 4 of the Cross-Claim, Cross-Defendant denies both generally and specifically the allegations in the entire paragraph in that it quotes and refers to language in the Master Contract attached as Exhibit B to the Cross-Claim which is for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

5. Answering Paragraph 5 of the Cross-Claim, Cross-Defendant denies each allegation contained in the first sentence as it is worded. As to the first sentence, Cross-Defendant admits that Capital Elementary School, Inc. and Elk Grove United School District entered into a Master Contract for Nonpublic, Nonsectarian School/Agency Services effective on or about July

1, 2020 through June 30, 2021.  Cross-Defendant denies both generally and specifically the allegations in the second sentence. The Master Contract and documents attached as Exhibit C to the Cross-Claim is for Capitol Academy, Inc., which is a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.  Cross-Defendant denies both generally and specifically the allegations in the remainder of the Paragraph 5 in that it quotes and refers to language related to the Master Contract attached as Exhibit C to the Cross-Claim which is for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

6.  Answering Paragraph 6 of the Cross-Claim, Cross-Defendant admits that Cross-Claimants sent a letter to Ira Ross of Capitol Academy, Inc. on December 30, 2020 regarding tendering of defense and indemnity.  Based upon information and belief, based on the information available to Cross-Defendant's insurer at the time of the tender, Cross-Defendant's insurer denied the tender.

**CROSS-CLAIM I**

7.  Answering Paragraph 7 of the Cross-Claim, Cross-Defendant hereby incorporates by reference each and every response to the allegations contained in the preceding paragraphs as though fully set forth herein.

8.  Answering Paragraph 8 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required.  To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

9.  Answering Paragraph 9 of the Cross-Claim, Cross-Defendant admits that Cross-Claimants sent a letter to Ira Ross of Capitol Academy, Inc. on December 30, 2020 regarding tendering of defense and indemnity.  Based upon information and belief, based on the information available to Cross-Defendant's insurer at the time of the tender, Cross-Defendant's insurer denied the tender.

10.  Answering Paragraph 10 of the Cross-Claim, the entire paragraph sets forth legal

contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

11. Answering Paragraph 11 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

12. Answering Paragraph 12 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

Answering Cross-Claimant's prayer, Cross-Defendant admits Cross-Claimants are seeking the relief requested in the prayer of the Cross-Claim as it pertains to Cross-Defendant CES, but denies Cross-Claimants are entitled to any of the relief sought from Cross-Defendant CES, and Cross-Defendant denies both generally and specifically each and every allegation contained in the prayer for relief.

## CROSS-CLAIM II

13. Answering Paragraph 13 of the Cross-Claim, Cross-Defendant hereby incorporates by reference each and every response to the allegations contained in the preceding paragraphs of as though fully set forth herein.

14. Answering Paragraph 14 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

15. Answering Paragraph 15 of the Cross-Claim, Cross-Defendant admits that Cross-Claimants sent a letter to Ira Ross of Capitol Academy, Inc. on December 30, 2020 regarding tendering of defense and indemnity. Based upon information and belief, based on the information available to Cross-Defendant's insurer at the time of the tender, Cross-Defendant's insurer denied the tender.

16. Answering Paragraph 16 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

17. Answering Paragraph 17 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

18. Answering Paragraph 18 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

Answering Cross-Claimant's prayer, Cross-Defendant admits Cross-Claimants are seeking the relief requested in the prayer of the Cross-Claim as it pertains to Cross-Defendant CES, but denies Cross-Claimants are entitled to any of the relief sought from Cross-Defendant CES, and Cross-Defendant denies both generally and specifically each and every allegation contained in the prayer for relief.

## CROSS-CLAIM III

19. Answering Paragraph 19 of the Cross-Claim, Cross-Defendant hereby incorporates by reference each and every response to the allegations contained in the preceding paragraphs as

though fully set forth herein.

20. Answering Paragraph 20 of the Cross-Claim, as to the first sentence, Cross-Defendant admits that it entered into two written contracts with Cross-Claimant Elk Grove Unified School District (2019-2020 and 202-2021) but denies that it entered into a written contract with Cross-Claimant Marilyn Delgado.  Cross-Defendant denies both generally and specifically the allegations in the remainder of the Paragraph 20 in that it quotes and refers to language related to the Master Contracts attached as Exhibit B and Exhibit C to the Cross-Claim which are for Capitol Academy, Inc., a separate and distinct entity, and are not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

21. Answering Paragraph 21 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required.  To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

22. Answering Paragraph 22 of the Cross-Claim, the first sentence sets forth legal contentions and conclusions, and questions of law to which no response is required.  To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.  As to the second sentence, Cross-Defendant admits that Cross-Claimants sent a letter to Ira Ross of Capitol Academy, Inc. on December 30, 2020 regarding tendering of defense and indemnity.  Based upon information and belief, based on the information available to Cross-Defendant's insurer at the time of the tender, Cross-Defendant's insurer denied the tender.

23. Answering Paragraph 23 of the Cross-Claim, Cross-Defendant denies both generally and specifically the allegations in Paragraph 23 in that it refers to obligations arising from the Master Contracts attached as Exhibit B and Exhibit C to the Cross-Claim which are for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

24. Answering Paragraph 24 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein.

Answering Cross-Claimant's prayer, Cross-Defendant admits Cross-Claimants are seeking the relief requested in the prayer of the Cross-Claim as it pertains to Cross-Defendant CES, but denies Cross-Claimants are entitled to any of the relief sought from Cross-Defendant CES, and Cross-Defendant denies both generally and specifically each and every allegation contained in the prayer for relief.

## CROSS-CLAIM IV

25. Answering Paragraph 25 of the Cross-Claim, Cross-Defendant hereby incorporates by reference each and every response to the allegations contained in the preceding paragraphs as though fully set forth herein.

26. Answering Paragraph 26 of the Cross-Claim, Cross-Defendant denies both generally and specifically the allegations in Paragraph 26 in that it refers to obligations arising from the Master Contracts attached as Exhibit B and Exhibit C to the Cross-Claim which are for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

27. Answering Paragraph 27 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein. Cross-Defendant denies both generally and specifically the allegations in Paragraph 27 that refers to obligations arising from the Master Contracts attached as Exhibit B and Exhibit C to the Cross-Claim which are for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

28. Answering Paragraph 28 of the Cross-Claim, the first sentence sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein. As to the second sentence, Cross-Defendant admits that Cross-Claimants sent a letter to Ira Ross of Capitol Academy, Inc. on December 30, 2020 regarding tendering of defense and indemnity. Based upon information and belief, based on the information available to Cross-Defendant's insurer at the time of the tender, Cross-Defendant's insurer denied the tender. Cross-Defendant denies both generally and specifically the allegations in the second sentence of Paragraph 28 that it refers to obligations arising from the Master Contracts attached as Exhibit B and Exhibit C to the Cross-Claim which are for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

29. Answering Paragraph 29 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein. Cross-Defendant denies both generally and specifically the allegations in Paragraph 29 that refers to obligations arising from the Master Contracts attached as Exhibit B and Exhibit C to the Cross-Claim which are for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

30. Answering Paragraph 30 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein. Cross-Defendant denies both generally and specifically the allegations in Paragraph 30 that refers to any breach of the Master Contracts or

obligations arising from the Master Contracts attached as Exhibit B and Exhibit C to the Cross-Claim which are for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

Answering Cross-Claimant's prayer, Cross-Defendant admits Cross-Claimants are seeking the relief requested in the prayer of the Cross-Claim as it pertains to Cross-Defendant CES, but denies Cross-Claimants are entitled to any of the relief sought from Cross-Defendant CES, and Cross-Defendant denies both generally and specifically each and every allegation contained in the prayer for relief.

## CROSS-CLAIM V

31. Answering Paragraph 31 of the Cross-Claim, Cross-Defendant hereby incorporates by reference each and every response to the allegations contained in the preceding paragraphs as though fully set forth herein.

32. Answering Paragraph 32 of the Cross-Claim, as to the first sentence, Cross-Defendant admits that it entered into two written contracts with Cross-Claimant Elk Grove Unified School District (2019-2020 and 2020-2021) but denies that it entered into a written contract with Cross-Claimant Marilyn Delgado. Cross-Defendant denies both generally and specifically the allegations in the second and third sentence of Paragraph 32 that refers to obligations arising from the Master Contracts attached as Exhibit B and Exhibit C to the Cross-Claim which are for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

33. Answering Paragraph 33 of the Cross-Claim, the first sentence sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein. As to the second sentence, Cross-Defendant admits that Cross-Claimants sent a letter to Ira Ross of Capitol Academy, Inc. on December 30, 2020 regarding tendering of defense and indemnity. Based upon information and belief, based on the information available to Cross-Defendant's insurer at the time of the tender,

Cross-Defendant's insurer denied the tender. Cross-Defendant denies both generally and specifically the allegations in the first and third sentence of Paragraph 33 that refers to obligations arising from the Master Contracts attached as Exhibit B and Exhibit C to the Cross-Claim which are for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

34. Answering Paragraph 34 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein. Cross-Defendant denies both generally and specifically the allegations in Paragraph 34 that refers to obligations arising from the Master Contracts attached as Exhibit B and Exhibit C to the Cross-Claim which are for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

35. Answering Paragraph 35 of the Cross-Claim, the entire paragraph sets forth legal contentions and conclusions, and questions of law to which no response is required. To the extent an answer is required, Cross-Defendants lack sufficient information and belief upon which to respond to the allegations set forth in that paragraph and on that basis deny both generally and specifically each and every allegation contained therein. Cross-Defendant denies both generally and specifically the allegations in Paragraph 35 that refers to obligations arising from the Master Contracts attached as Exhibit B and Exhibit C to the Cross-Claim which are for Capitol Academy, Inc., a separate and distinct entity, and is not regarding or relating the Cross-Defendant Academy Elementary School, Inc.

Answering Cross-Claimant's prayer, Cross-Defendant admits Cross-Claimants are seeking the relief requested in the prayer of the Cross-Claim as it pertains to Cross-Defendant CES, but denies Cross-Claimants are entitled to any of the relief sought from Cross-Defendant CES, and Cross-Defendant denies both generally and specifically each and every allegation contained in the prayer for relief.

**PRAYER FOR RELIEF**

Cross-Defendant admits Cross-Claimants are seeking the relief requested in the prayer of the Cross-Claim as it pertains to Cross-Defendant CES, but denies Cross-Claimants are entitled to any of the relief sought from Cross-Defendant CES, and Cross-Defendant denies both generally and specifically each and every allegation contained in the prayer for relief.

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, these answering Cross-Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(No Cause of Action)**

The Cross-Claim, in whole or in part, fails to state a cause of action upon which relief may be granted as a matter of fact and/or law.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Cross-Claimants' claims are barred, in whole or in part, to the extent they failed to reasonably mitigate their damages.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

Cross-Claimants' claims are barred, in whole or part, by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Complain)**

Cross-Claimants' claims are barred inasmuch as they failed to complain or report to Cross-Defendants about the conduct complained of in the Cross-Claim.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Cross-Complainants' claims are barred to the extent that they have engaged in misconduct or are otherwise subject to the doctrine of unclean hands.

///

-11-

**CROSS-DEFENDANT CAPITOL ELEMENTARY SCHOOL, INC.'S ANSWER TO ELK GROVE UNIFIED SCHOOL DISTRICT'S CROSS-CLAIM**

**SIXTH AFFIRMATIVE DEFENSE**

**(No Intentional Conduct)**

Cross-Complainants' claims are barred inasmuch as this answering Cross-Defendant did not engage in any intentional, malicious or outrageous conduct complained of in the Cross-Claim.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Breach of Duty)**

Cross-Defendant alleges that it neither owed or breached any duty to Cross-Claimant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Negligence)**

Cross-Defendant alleges that Cross-Claimant was careless and negligent in and/or about the matters referenced to in said Cross-Claim and further that Cross-Claimant failed to exercise ordinary or any care for their own safety and such carelessness and negligence on the part of Cross-Claimants proximately caused and contributed to the damage, detriment or injury sustained by Cross-Claimants, if any, and that Cross-Claimants' recovery should therefore either be barred or reduced to the extent of Cross-Claimants' negligence.

**NINTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

Cross-Defendants allege that any harm suffered by Cross-Claimants was a result of negligent or otherwise wrongful conduct of persons other than Cross-Defendant and that the conduct of the person other than Cross-Defendant was the sole and proximate cause of the injuries and damages alleged by Cross-Claimants.

**TENTH AFFIRMATIVE DEFENSE**

**(Third Party Conduct)**

Cross-Defendant allege that, without admitting any allegation of the Cross-Claim, some of the acts, actions and activities, as alleged, were committed, if at all, by independent, non-affiliated persons who were not acting on behalf of, or within the course and scope of any relationship with this answering Cross-Defendant during the time referred to in the Cross-Claim.

///

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Intervening/Superseding Cause)**

The acts/omissions and/or negligence of a third party or parties was a superseding, intervening cause of Cross-Claimants' injuries/damages.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Cross-Defendant alleges that Cross-Claimants' claims are barred by the doctrine of waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Add Indispensable Parties)**

Cross-Claimants have failed to name necessary and indispensable parties which preclude the award of damages alleged in the Cross-Claim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause/Substantial Factor)**

Cross-Defendant alleges it acted reasonably and properly under the circumstances, and no act or omission on its part was a proximate cause or substantial factor in bringing about Cross-Claimant's claimed damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Right to Assert Additional Defenses)**

Cross-Defendant reserves the right to assert any additional defenses which are discovered or ascertained after the date of this answer.

**REQUEST FOR JURY TRIAL**

Cross-Defendant hereby demands a trial by jury in this matter.

WHEREFORE, Cross-Defendant prays as follows:

1. Judgment be entered in favor of the Cross-Defendant and against Cross-Claimants;
2. Cross-Claimants take nothing by this action;
3. Cross-Defendants be awarded costs of suit incurred herein;
4. Cross-Defendants be awarded their attorneys' fees incurred herein; and
5. Cross-Defendants be awarded such other further relief as the Court may deem

**CROSS-DEFENDANT CAPITOL ELEMENTARY SCHOOL, INC.'S ANSWER TO ELK GROVE UNIFIED SCHOOL DISTRICT'S CROSS-CLAIM**

necessary and proper.

Dated: May 17, 2022                           SIMS, LAWRENCE & BROGHAMMER


                                              By      */s/ Cynthia G. Lawrence*
                                                  CYNTHIA LAWRENCE
                                                  Attorneys for Defendants/Cross-Defendants
                                                  CAPITOL ELEMENTARY SCHOOL, INC.
                                                  and Defendant IRA ROSS

**CROSS-DEFENDANT CAPITOL ELEMENTARY SCHOOL, INC.'S ANSWER TO ELK GROVE UNIFIED SCHOOL DISTRICT'S CROSS-CLAIM**