UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., by and through her Guardian Ad Litem, TIFFANY ROE, <br><br> Plaintiff, <br><br> v. <br><br> ELK GROVE UNIFIED SCHOOL DISTRICT, CAPITOL ELEMENTARY SCHOOL, INC., MARILYN DELGADO, and IRA ROSS, as individuals, and DOES 1 to 10, <br><br> Defendants. | No. 2:20-cv-02296 KJM AC <br><br><br> ORDER |

This matter is before the court on plaintiff's motion for evidentiary sanctions against defendants Capitol Elementary School ("CES") and Ira Ross. ECF No. 85. Ira Ross and CES filed an opposition to the motion. ECF No. 92.[1] Plaintiff filed a reply. ECF No. 95. The matter was heard via Zoom on June 12, 2024, with all parties present. ECF No. 96. Following oral argument, the matter was taken under submission. Having carefully considered the papers and the oral arguments of the parties, the motion for sanctions is DENIED in its entirety for the reasons set forth below.

---

[1] Defendants Elk Grove Unified School District and Marilyn Delgado also filed an opposition. ECF No. 93. Because the motion does not pertain to those defendants, their opposition is disregarded.

1

# I. Introduction

This case was filed on November 17, 2020. ECF No. 1. Plaintiff is a minor suing Elk Grove Unified School District, Marilyn Delgado (Program Specialist for the District), Capitol Elementary School, and Ira Ross (Executive Director and/or Principal of CES) for violations of the ADA, the Rehabilitation Act, Title IX, and related state law causes of action. Id. at 3-4. Capitol Elementary is a non-public school organized as a private corporation that contracts with Elk Grove Unified to provide education services to children with exceptional needs as an independent contractor. Id. at 3. Plaintiff, a minor with autism and fetal alcohol syndrome which has resulted in developmental disabilities, was a student at CES beginning January 25, 2019. Id. at 5. Plaintiff alleges that between September 11, 2019 and mid-January 2020, she was repeatedly sexually harassed by other students in class, fondled in the bathroom by other students, and ultimately raped in a classroom by two male students while they were left unattended during the school day. ECF No. 1 at 6-10. Plaintiff alleges that although her grandmother reported the incidents prior to the alleged rape to CES, the school was not responsive and failed to follow up, conduct investigations, or implement corrective safety measures. Id. at 8-11. Plaintiff alleges the defendants failed to take any investigative action or take any corrective measures, and plaintiff's guardian withdrew her from the school. Id. at 11.

# II. Relevant Background

Plaintiff states that discovery began on March 11, 2021. ECF No. 85 at 10.[2] Fact discovery was completed as of October 25, 2023. ECF No. 60. Aside from one informal discovery conference unrelated to this motion, there were no discovery disputes presented to the court during fact discovery. ECF No. 58. A stipulated protective order has been in place since April 12, 2021. ECF No. 22.

////

////

---

[2] The parties dispute when discovery "began," the duration of a stay of discovery in relation to failed mediation efforts, and related details regarding the relevant procedural history and conduct of discovery. For reasons that will become clear, the court need not resolve any of those disputes.

2

### III.     Motion

Plaintiff filed the pending motion for evidentiary sanctions on April 24, 2024.  ECF No. 85.  The motion was initially submitted on the papers (ECF No. 86) but was later set for oral argument at plaintiff's request.  ECF No. 87.  Plaintiff asserts that CES "waited until three months after the close of fact discovery to disclose material witnesses and facts in an expert report.  CES then waited another month to serve supplemental Rule 26 disclosures identifying over 30 new witnesses or groups of witnesses and producing over 150 pages of responsive documents."  ECF No. 85 at 8.  Plaintiff seeks evidentiary sanctions including exclusion of the late-disclosed documents and witnesses, and an adverse jury instruction.  Id.  Per plaintiff's brief, beginning in at least November of 2021 and January of 2022, she "sought the names of teachers, aides, and students who attended CES at the same time as Plaintiff" through interrogatories and requests for production.  Id. at 10.  Plaintiff reports that defendants categorically refused to disclose information about students on privacy grounds.  Id.  In April of 2023, plaintiff again asked for "class rosters" covering the time plaintiff was in class, but those were never produced.  Id. at 11.

On January 25, 2024, on the deadline to disclose expert reports, CES served a report by Joseph Schwartzberg that listed two teachers (Ms. Hanks and "Mr. G") whom plaintiff asserts had not been disclosed during discovery, and included documents that had not been produced containing information such as "(1) the number of students and aides in Plaintiff's classrooms from January 2019 through November 2019; (2) the ages of Plaintiff's assailants; (3) the behavioral and disciplinary history of Plaintiff's assailants; and (4) dates when Plaintiff's assailants allegedly attended class with Plaintiff."  Id. at 14, 18.  Plaintiff wrote a letter demanding a supplemental disclosure from CES that would provide all the documents disclosed to or relied on by CES experts.  Id. at 12.  According to plaintiff, CES then served a document on February 5, 2024 that contained 34 additional witnesses or groups of witnesses, expanded on the number of topics about which previously disclosed witnesses would testify at trial, and removed 14 previously disclosed witnesses.  Id.  CES also served over 150 pages of purportedly new evidence, including heavily redacted class rosters.  Id. at 13.  Plaintiff seeks sanctions, pursuant to Federal Rule of Civil Procedure 37(c)(1), prohibiting defendants from using any of the late-

3

disclosed witnesses and documents at trial. ECF No. 85 at 14. Additionally, plaintiff asks the court to craft an appropriate adverse inference jury instruction. Id. at 15.

In opposition to plaintiff's motion, defendants argue that the evidence at issue was not late-disclosed but appropriately supplemental, and moreover was known to plaintiff before suit was filed and also identified in initial disclosures and in responses to interrogatories and requests for production. For example, Mr. Gonzalez was identified in Initial Disclosures dated March 11, 2021. See ECF No. 85-3 at 8, ¶ 17. On March 31, 2023, CES served the parties with its Response to Plaintiff's Interrogatories, Set Two, in which persons including "Gonzales Gilberto, Teacher" and "Theresa Hanks, Teacher" were identified as being responsible for monitoring the student bathrooms and recess at CES during the academic years of 2018-2019 and 2019-2020. See EFC 85-11 at 15, 16 (Responses to Interrogatory Nos. 16 &17). As to information regarding students, including unredacted rosters, defendant argues that deposition testimony was provided about the two students who allegedly raped plaintiff, but student records are subject to strict privacy rules and plaintiff should have made a motion to compel in order to obtain a court order. ECF No. 92.

### IV.   Analysis

A. Evidentiary Sanctions Standard

Federal Rule of Civil Procedure 26(a) obligates each party to provide the opposing party with the name of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed R. Civ. P. 26(a)(1)(A)(i). Federal Rule of Civil Procedure 37 "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (citation omitted). Rule 37(c)(1) addresses the failure to disclose or supplement discovery, stating that where a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." District courts have broad discretion regarding sanctions

issued pursuant to Rule 37(c)(1).  Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

B. Document Production

The court is not persuaded that defendants improperly withheld any discovery, and further finds that even if documents were not timely produced or witnesses were not properly identified, the late production and/or identification is harmless.  Plaintiff seeks to exclude "150 pages of new evidence, including long-sought-after class rosters, purporting to show that Plaintiff was taught by Hanks and 'Mr. G.'"  ECF No. 85 at 13.[3]  To demonstrate harm from the late production, plaintiff focuses on two categories of documents.  First, plaintiff argues that the late-produced documents "reveal that Taber [one of plaintiff's teachers] failed to complete Mandated Reporter Online Training prior to Plaintiff being raped and her general lack of relevant training and education[.]"  ECF No. 85 at 21.  The documents referenced—Ms. Taber's resume (ECF No. 85-25) and three mandated reporter training certificates (ECF No. 85-24) —show no such thing.  ECF No. 85-1 at 4.  To the extent plaintiff wants the court to draw an inference that the *absence* of specific documents pertaining to a particular year of mandated reporter training "demonstrates" that Taber did not complete the training for that particular year, the court declines to do so.  Further, plaintiff did depose Taber regarding the training and has the deposition testimony; there is no harm here.  ECF No. 92-22 at 11-12.

Plaintiff's second argument is related to documents that include student records and identifying information.  ECF No. 85 at 10.  Plaintiff contends that defendants violated their discovery obligations by failing to produce student information when requested, id. at 10-11, then disclosing heavily redacted versions after the applicable deadline.  Plaintiff never sought, and does not now seek, compelled disclosure of student information withheld by defendants on

---

[3] It is confusing that plaintiff emphasizes how important the rosters are to her, in support of an effort to exclude them.  This apparent contradiction is explained by the fact that the supplementally-disclosed rosters are redacted such that they do not contain the information that plaintiff had earlier sought (but never moved to compel).  It appears that, to a large extent, what plaintiff seeks to exclude from evidence is not the documents themselves but the identification of Ms. Hanks and Mr. Gonzalez as plaintiff's classroom teachers during the relevant period.

privacy grounds. Rather, she implies that defendants' past failure to produce demonstrates bad faith or otherwise provides a basis for exclusion of all recently-produced, related documents.

The court agrees with defendants that to the extent plaintiff needed class rosters and third-party student records, she should have sought a court order during the discovery period. While plaintiff argues that the burden is not on her to move to compel, but on defendants to produce in good faith, there are special privacy concerns and regulatory obligations of which plaintiff should have been aware that limit disclosure of educational records absent court order. The law conditions the receipt of federal funding by educational institutions or agencies on their compliance with certain procedures concerning the maintenance of student educational records and restricting release of such records to third parties without parental consent. See 20 U.S.C. § 1232g; Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ., No. 2:11-CV-03471 KJM AC, 2015 WL 10939711, at *3 (E.D. Cal. July 2, 2015). Accordingly, defendants were within their rights (if not legally required) to withhold third party student records until the court ordered their disclosure. See Morgan Hill, 2015 WL 10939711 at *3 (noting exception to parental consent requirement where disclosure is necessary to comply with a judicial order or subpoena, citing 34 C.F.R. § 99.31(a)(9).) It was entirely predictable that defendants would refuse to disclose student information without a court order, and that a motion to compel would be required in order to obtain that information. Defendants' conduct in this regard does not support sanctions.

To the extent that plaintiff seeks exclusion of the records insofar as they identify Ms. Hanks and "Mr. G" as plaintiff's classroom teachers during the relevant period, the matter is discussed below regarding the exclusion of witnesses.

Plaintiff has not demonstrated that she is entitled to any evidentiary sanctions with respect to late-produced documents.

C. Witness Disclosure

Plaintiff asserts that on February 5, 2024, after the close of discovery, "CES disclosed a list of 34 additional witnesses or groups of witnesses likely to have relevant discoverable information. CES also expanded on the number of topics about which previously disclosed

witnesses may testify at trial, and removed 14 previously disclosed witnesses." ECF No. 85 at 12. Defendants counter that the representation they removed 14 witnesses is "patently untrue." ECF No. 92 at 5.

Of particular concern to plaintiff is the late identification of two teachers, Ms. Hanks and Mr. G, as plaintiff's classroom teachers. ECF No. 85 at 11. In a footnote in plaintiff's brief, she indicates that these "individuals were not identified in CES's responses to Interrogatory No. 8, which requested the identity of Plaintiff's teachers . . . [but were identified in response to] Interrogatory No. 16, [which requested] the identity of all persons responsible for monitoring student bathrooms." Id., citing ECF No. 85-11 at 13-15. On the referenced exhibit, Mr. Gonzales's title is listed as "Teacher." ECF No. 85-11 at 15. Plaintiff argues that they did not know that Ms. Hanks and Mr. G were plaintiff's own classroom teachers during the relevant period based on the timely production.[4] It was clear from oral argument that, as is often the case, the period of potential relevancy has expanded with the taking of depositions. In any event, the identification of "Mr. G" and Ms. Hanks in Dr. Schwartzberg's report and the related supplemental disclosures did not reveal the existence of the witnesses for the first time.

As previously noted, Mr. Gonzalez was in fact identified in defendants' initial disclosures. He and Ms. Hanks were both identified in responses to interrogatories as teachers who had monitored bathrooms and supervised recess. Plaintiff argues, in essence, that the potential significance of these witnesses was not apparent to them until after the close of discovery and receipt of the expert report, but that is not the same thing as the witnesses being undisclosed.

This case is unlike Anderson v. Edward D. Jones & Co., LP, No. 2:18-CV-00714 DJC AC, 2023 WL 4686271 (E.D. Cal. July 21, 2023), on which plaintiff relies. In that case the undersigned granted evidentiary sanctions excluding late-disclosed witnesses despite the fact that the witnesses' names had appeared in document production. Id. at *3. The court cited the general principal that the mere appearance of a witness's name in a voluminous production does

---

[4] As to the remaining late-disclosed names, counsel for both parties confirmed at oral argument that a majority of the remaining disclosures are plaintiff's own physicians or other treatment providers. In any event, plaintiff has made no particularized showing of harm from the allegedly late disclosure of any other witness.

7

not excuse the late identification of a witness as one upon which defendant intends to rely. See Ollier v. Sweetwater Union High School Dist., 768 F.3d 843, 863 (9th Cir. 2014) ("That another witness has made a passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations. An adverse party should not have to guess which undisclosed witnesses may be called to testify."). However, the witness identities at issue here were not merely names buried in previously disclosed documents or mentioned in passing during a deposition. Mr. Gonzalez was initially disclosed by defendant as a witness, and both teachers were identified as school staff who had monitored the bathroom during the relevant period. This case involves alleged sexual assaults that occurred in the bathroom as well as the alleged rape in the classroom. Plaintiff's decision not to conduct further discovery related to these individuals does not require the exclusion of the witnesses.

For these reasons, the court concludes that any late identification of these individuals (or their potential significance as witnesses) is harmless. No sanctions will issue.

### D. Defendants' Request for Monetary Sanctions

Defendants assert that plaintiff's motion is legally and factually frivolous and was filed for an improper purpose. They seek sanctions pursuant to 28 U.S.C. § 1927, which provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess cost, expenses and attorneys' fees reasonably incurred because of such conduct." In the Ninth Circuit, a district court may impose sanctions under section 1927 only on a showing of the attorney's recklessness or bad faith. Estate of Blas Through Chargualaf v. Winkler, 792 F.2dd 858, 860 (9th Cir. 1986). While the court finds that defendants did not engage in discovery misconduct, the suggestion that plaintiff's counsel was reckless or acting in bad faith is unsupported. The request for sanctions is denied.

////

////

////

**V.     Conclusion**

For the reasons explained above, the motion for sanctions (ECF No. 85) is DENIED. The court will not order sanctions against either party; each party shall bear its own fees and costs.

IT IS SO ORDERED.

DATED: June 14, 2024

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE