UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., by and through her Guardian Ad Litem, TIFFANY ROE,, <br><br> Plaintiff, <br><br> v. <br><br> ELK GROVE UNIFIED SCHOOL DISTRICT, CAPITOL ELEMENTARY SCHOOL, INC., MARILYN DELGADO and IRA ROSS, as individuals, and DOES 1 to 10., <br><br> Defendants. | No.  2:20-cv-02296 KJM AC <br><br><br> ORDER |

This matter is before the court on defendants Capital Elementary School, Inc. and Ira Ross's motion to compel additional deposition time of plaintiff's expert witness. ECF No. 101 (briefs at ECF No. 105, 108, 116). This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The motion was taken under submission. ECF No. 102. For the reasons stated below, the court GRANTS the motion.

**I.     Relevant Background**

This case was filed on November 17, 2020. ECF No. 1. Plaintiff is a minor suing Elk Grove Unified School District, Marilyn Delgado (Program Specialist for the District), Capitol Elementary School, and Ira Ross (Executive Director and/or Principal of CES) for violations of

1

the ADA, the Rehabilitation Act, Title IX, and related state law causes of action. Id. at 3-4. Capitol Elementary is a non-public school organized as a private corporation that contracts with Elk Grove Unified to provide education services to children with exceptional needs as an independent contractor. Id. at 3. Plaintiff, a minor with autism and fetal alcohol syndrome which has resulted in developmental disabilities, was a student at CES beginning January 25, 2019. Id. at 5. Plaintiff alleges that between September 11, 2019 and mid-January 2020, she was repeatedly sexually harassed by other students in class, fondled in the bathroom by other students, and ultimately raped in a classroom by two male students while they were left unattended during the school day. ECF No. 1 at 6-10. Plaintiff alleges that although her grandmother reported the incidents prior to the alleged rape to CES, the school was not responsive and failed to follow up, conduct investigations, or implement corrective safety measures. Id. at 8-11. Plaintiff alleges the defendants failed to take any investigative action or take any corrective measures, and plaintiff's guardian withdrew her from the school. Id. at 11.

The parties have been engaging in discovery since at least spring of 2021. ECF No. 17. Fact discovery is closed. ECF No. 60. Expert discovery is set to close on August 30, 2024. ECF No. 103.

## II.     Motion to Compel

On January 25, 2024, plaintiff disclosed Dr. Richard J. Shaw as a retained expert witness. Chavez Decl. ¶ 2. Plaintiff intends to offer Dr. Shaw's expert opinion on the issue of plaintiff's damages. Chavez Decl. ¶ 3. The parties conducted Dr. Shaw's deposition on June 20, 2024. Chavez Decl. ¶ 4. Although Dr. Shaw's deposition lasted seven hours, defendant CES and defendant Ross, who are represented separately from co-defendants Elk Grove Unified School District and Marilyn Delgado, were permitted to examine Dr. Shaw for less than three hours. Chavez Decl. ¶ 11. CES and Ross argue they did not have adequate time to depose Dr. Shaw, and seek through the present motion to compel four additional hours of deposition time pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure. ECF No. 105 at 5.

   A.   Applicable Legal Standards

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure

26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

With respect to depositions, Rule 30(d)(1) provides that absent a stipulation or order from the court, a deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). "A party seeking a court order to extend the examination must show 'good cause' to justify such an order." Bos. Sci. Corp. v. Cordis Corp., No. 03-CV-5669 JW (RS), 2004 WL 1945643, at *2, 2004 U.S. Dist. LEXIS 18098 (N.D. Cal. Sept. 1, 2004) (internal citation omitted). "Considerations relevant to the granting of an extension of time include the need for additional time for full exploration of the theories upon which the witness relies, or where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition." Id.

B. Defendants Have Shown Good Cause

Defendants show good cause regarding the need for additional deposition time with plaintiff's retained expert, Dr. Shaw. As defendants concisely explain, "Dr. Shaw's 20-page

opinion purports to be based on interviews he conducted of C.R. and Tiffany Roe, the deposition testimony of other parties and/or witnesses, as well as review of over four hours of video and 5,000 documents spanning years of plaintiff's life. (Chavez Decl. ¶ 13.)" ECF No. 105 at 8. Defendants argue that they were "unable to fairly examine Dr. Shaw with respect to several matters including, but not limited to, testing he conducted and the impact of those tests on his opinions, testing he did not conduct, the impact of information contained in numerous records not referenced in Dr. Shaw's opinion, documents and information relied on in formulating his opinion, clarification of the documents he reviewed, considered and relied upon that were not included in his report and the extent to which he relied on documents not disclosed in his report. (Chavez Decl. ¶ 12.)" Id.  Upon review of the briefing, the court finds that defendants have shown good cause for additional deposition time.  Because this is a multi-defendant case in which deposition time was shared, and due to importance of this expert witness, additional time is justified and should be granted in the interest of justice.

      Plaintiff argues that additional time should not be permitted because defendants "cannot point the Court to a notice by CES/ROSS for his deposition, rendering every argument and authority advanced by CES/Ross beside the point." ECF No. 108 at 7.  However, defendants correctly point out "once defendant EGUSD and defendant Delgado noticed Dr. Shaw's deposition, the only legally permissible course of action for defendant CES and defendant Ross was to appear at the deposition, engage in as much questioning of Dr. Shaw as was permitted, and determine if more time was necessary." ECF No. 116 at 2.  "In a multi-party lawsuit, one party may notice the deposition and other parties may attend and cross-examine the deponent without also having to notice the deposition." F.C.C. v. Mizuho Medy Co., 257 F.R.D. 679, 682 (S.D. Cal. 2009).  The fact that the moving co-defendants did not separately notice the deposition presents no bar to this motion.  Indeed, the moving defendants took the correct course of action and maximized judicial economy by using the time they had in the initial deposition, and then seeking additional time only when it became clear that additional time was necessary.

      Finally, upon full review of the papers, the court finds that the additional deposition time is not clearly burdensome or duplicative, particularly not where the deponent is a central expert

witness.  Further, moving defendants have acknowledge their payment responsibilities and confirm that they will "pay Dr. Shaw for the additional time." ECF No. 116 at 2.  The request for additional deposition time is sufficiently justified and good cause is shown.

### III.   Conclusion

Defendant Capitol Elementary School and Ira Ross's motion for an additional 4 hours to depose plaintiff's retained expert Dr. Richard J. Shaw (ECF No. 101) is GRANTED.

IT IS SO ORDERED.

DATED: August 21, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5