UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., by and through her Guardian Ad Litem, TIFFANY ROE, <br><br> Plaintiff, <br><br> v. <br><br> ELK GROVE UNIFIED SCHOOL DISTRICT, CAPITOL ELEMENTARY SCHOOL, INC., MARILYN DELGADO, and IRA ROSS, as individuals, and DOES 1 to 10, <br><br> Defendants. | No. 2:20-cv-02296 KJM AC <br><br><br> ORDER |

This matter is before the court on plaintiff's motion to compel the production of documents underlying the opinion of defendants Capitol Elementary School ("CES") and Ira Ross's expert, Joseph S. Schwartzberg. ECF No. 106. The parties submitted the required joint statement. ECF No. 122. The motion was considered on the papers. ECF No. 109. Having carefully considered the arguments of the parties, the motion is DENIED for the reasons set forth below.

**I.    Introduction**

This case was filed on November 17, 2020. ECF No. 1. Plaintiff is a minor suing Elk Grove Unified School District, Marilyn Delgado (Program Specialist for the District), Capitol Elementary School, and Ira Ross (Executive Director and/or Principal of CES) for violations of

1

the ADA, the Rehabilitation Act, Title IX, and related state law causes of action. Id. at 3-4. Capitol Elementary is a non-public school organized as a private corporation that contracts with Elk Grove Unified to provide education services to children with exceptional needs as an independent contractor. Id. at 3. Plaintiff, a minor with autism and fetal alcohol syndrome which has resulted in developmental disabilities, was a student at CES beginning January 25, 2019. Id. at 5. Plaintiff alleges that between September 11, 2019 and mid-January 2020, she was repeatedly sexually harassed by other students in class, fondled in the bathroom by other students, and ultimately raped in a classroom by two male students while they were left unattended during the school day. ECF No. 1 at 6-10. Plaintiff alleges that although her grandmother reported the incidents prior to the alleged rape to CES, the school was not responsive and failed to follow up, conduct investigations, or implement corrective safety measures. Id. at 8-11. Plaintiff alleges the defendants failed to take any investigative action or take any corrective measures, and plaintiff's guardian withdrew her from the school. Id. at 11.

## II.     Relevant Background

Fact discovery in this case was completed as of October 25, 2023. ECF No. 60. Aside from one informal discovery conference unrelated to this motion, there were no discovery disputes presented to the court during fact discovery. ECF No. 58. On January 24, 2024, CES/Ross disclosed the expert report of Joseph S. Schwartzberg. ECF No. 122 at 10. Plaintiff filed a motion for evidentiary sanctions on April 24, 2024, related to the Schwartzberg report. ECF No. 85.

In the motion for sanctions, plaintiff asserted that CES "waited until three months after the close of fact discovery to disclose material witnesses and facts in an expert report. CES then waited another month to serve supplemental Rule 26 disclosures identifying over 30 new witnesses or groups of witnesses and producing over 150 pages of responsive documents." ECF No. 85 at 8. Plaintiff sought evidentiary sanctions including exclusion of the late-disclosed documents and witnesses, and an adverse jury instruction. Id. According to plaintiff's brief on the motion for sanctions, beginning in at least November of 2021 and January of 2022, she "sought the names of teachers, aides, and students who attended CES at the same time as

Plaintiff" through interrogatories and requests for production. Id. at 10. Plaintiff reported that defendants categorically refused to disclose information about students on privacy grounds. Id. In April of 2023, plaintiff again asked for "class rosters" covering the time plaintiff was in class, but those were never produced. Id. at 11.

In the sanctions motion, plaintiff contended that the Schwartzberg report listed two teachers (Ms. Hanks and "Mr. G") whom plaintiff asserted had not been disclosed during discovery, and included documents that had not been produced containing information such as "(1) the number of students and aides in Plaintiff's classrooms from January 2019 through November 2019; (2) the ages of Plaintiff's assailants; (3) the behavioral and disciplinary history of Plaintiff's assailants; and (4) dates when Plaintiff's assailants allegedly attended class with Plaintiff." Id. at 14, 18. Plaintiff wrote a letter demanding a supplemental disclosure from CES providing all the documents disclosed to or relied on by CES experts. Id. at 12. According to plaintiff, CES then served a document on February 5, 2024 that contained 34 additional witnesses or groups of witnesses, expanded on the number of topics about which previously disclosed witnesses would testify at trial, and removed 14 previously disclosed witnesses. Id. CES also served over 150 pages of purportedly new evidence, including heavily redacted class rosters. Id. at 13.

Plaintiff argued in her sanctions motion that pursuant to Federal Rule of Civil Procedure 37(c)(1), defendants should be prohibited from using any of the late-disclosed witnesses and documents at trial, and that the court should give an adverse jury instruction. ECF No. 85 at 14. Additionally, plaintiff asked the court to craft an appropriate adverse inference jury instruction. Id. at 15. The court denied the motion largely on the grounds that it was unfounded and untimely because plaintiff had never moved to compel any documents during the discovery period. ECF No. 98 at 1. In that order, the court rejected plaintiff's argument that the burden is not on her to move to compel, but on defendants to produce in good faith. Id. at 6. The undersigned explained that the law conditions the receipt of federal funding by educational institutions or agencies on their compliance with certain procedures concerning the maintenance of student educational records and restricting release of such records to third parties without parental consent. See 20

3

U.S.C. § 1232g; Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ., No. 2:11-CV-03471 KJM AC, 2015 WL 10939711, at *3 (E.D. Cal. July 2, 2015).  Accordingly, the court concluded, defendants were within their rights (if not legally required) to withhold third party student records until the court ordered their disclosure; it was entirely predictable that defendants would refuse to disclose student information without a court order and that a motion to compel would be required to obtain that information.  See Morgan Hill, 2015 WL 10939711 at *3 (noting exception to parental consent requirement where disclosure is necessary to comply with a judicial order or subpoena, citing 34 C.F.R. § 99.31(a)(9)).

After the court found that defendants had not improperly withheld any documents and denied the motion for sanctions, the parties stipulated to extend the expert discovery deadline from July 25, 2024 to August 30, 2024 in order for the parties to complete expert depositions.  ECF No. 99.  The stipulation was adopted on July 18, 2024.  ECF No. 103.  Plaintiff filed the present motion to compel on July 31, 2024 (ECF No. 106) and the matter became ripe for decision on the papers on August 28, 2024.  ECF No. 109.

### III.   Motion to Compel

#### A. Standard on Motion to Compel

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1).  The Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to

4

other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; Rule 26 also requires that discovery be proportional to the needs of the case.

B. Discussion

The court is not persuaded that defendants improperly withheld any discovery, and the motion to compel is denied. As a preliminary matter, the court notes that the parties agree that Schwartzberg did not rely on any documents that were not made available to plaintiffs. ECF No. 122 at 10-11, 12. Plaintiff's argument is that Schwartzberg was provided information verbally from Ross, and plaintiff assumes that there must be some documents that Ross verbally relayed the contents of, which were not provided to plaintiff. Id. at 11. Plaintiff moves to compel the production of documents that, plaintiff assumes, Ross relied on in communicating information to Schwartzberg. Id.

This motion fails for many reasons. First, the court will not compel the production of documents on the basis that they were relied upon by defendants' expert when all parties agree that defendants' expert did not review any documents that were not supplied to plaintiff. There is nothing to compel. Second, even if the court were to take as true plaintiff's argument that Ross reviewed documents that were improperly withheld and "spoon-fed" that information to Schwartzberg (ECF No. 122 at 17), the information at issue (the alleged assailants' ages, CES's supervision and training policies, and the makeup of the classroom at issue) is basic information that should have been sought during discovery, and is the same type of information that was at issue in the motion for sanctions. As with the motion for sanctions discussed above, the court rejects plaintiff's attempt to conduct much belated basic fact discovery at this juncture. Third, plaintiff had the opportunity to depose Schwartzberg about the substance of his conversation with Ross, and the conversation was indeed discussed at length at Schwartzberg's deposition. ECF No. 122-9 at 43:25-54:25, 105:4-16, 106:20-109:9, 113:1-4, 117:20-22, 119:23-120:2, 126:11-15, 127:3-10, 128:19-24, 175:9-176:3, 220:21-221:19, 233:1-14, 240:12-16. Plaintiff has had a full and fair opportunity to conduct discovery in this case, and the motion to compel is denied.

////

## IV. Conclusion

For the reasons explained above, the motion to compel (ECF No. 106) is DENIED.

IT IS SO ORDERED.

DATED: September 25, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE