**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| C.R., a minor through guardian ad litem Tiffany Roe,<br><br>   Plaintiff,<br><br> v.<br><br>ELK GROVE UNIFIED SCHOOL DISTRICT, et al.,<br><br>   Defendants. | No.  2:20-CV-2296-DMC<br><br><br>ORDER |

   Plaintiff, who is proceeding with retained counsel, brings this civil action. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Pending before the Court is Plaintiff's unopposed motion for approval of a special needs trust to effect a settlement of this case.  See ECF No. 188.  Following a hearing before the undersigned on May 22, 2026, Plaintiff's counsel submitted a supplemental declaration under seal indicating the total settlement amount and amount to be placed in the proposed special needs trust.  See ECF No. 192.

   The Court has a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are incompetent persons or minors in the context of proposed settlements.  See Dacanay v. Mendoza, 573 F.3d 1075, 1080 (9th Cir. 1978); see also

1

Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011); E. Dist. Cal. Local Rule 202(b) ("No claim by or against a minor. . . may be settled or compromised absent an order by the Court approving the settlement or compromise").  As the Ninth Circuit has explained, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor [or incompetent person] plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases."  Robidoux, 638 F.3d at 1181-82.  This determination is made "without regard to the proportion of the total settlement value designated for. . . plaintiff's counsel."  Id. at 1182.

This Court's local rule governing compromises for minors and incompetent persons requires the parties to make disclosures regarding the individuals involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor or incompetent person and counsel.  See Local Rule 202(b)-(c).  More specifically, an application for approval of a compromise for a minor or incompetent person must disclose the following: the age and sex of the minor or incompetent person; the nature of the causes of action to be settled or compromised; the facts and circumstances out of which the causes of action arose, including the time, place, and persons involved; the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise; and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  See Local Rule 202(b)(2).  Finally, where the minor or incompetent person is represented by counsel, the application shall disclose: by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.  See Local Rule 202(c).

/ / /

/ / /

2

/ / /

# I. BACKGROUND

## A.   Plaintiff's Allegations

In the motion for approval of a special needs trust, Plaintiff outlines the following summary of allegations in the operative first amended complaint at ECF No. 152, which is not disputed for purposes of the pending motion:

> While Plaintiff was a student within the Defendant Elk Grove Unified School District, she was placed at Defendant Capitol Elementary School, a non-public school for students with exceptional needs. *See* ECF No. 152 ¶ 17. Plaintiff attended Capitol Elementary School for approximately one year (January 2019 through January 2020), beginning when she was eleven years old. *See id*. at ¶ 20. Plaintiff contends that from Spring 2019 through January 2020, male classmates engaged in an escalating series of sexual assaults and harassment, culminating in oral and vaginal rape. *See id.* at ¶¶ 21–41. Specifically, among other things:
>
> - On or around May 13, 2019, a male student rubbed Plaintiff's leg under a classroom table while staff were present.
>
> - On or around September 11, 2019, male students groped Plaintiff's breasts during class, threatened violence when she resisted, and repeated explicit sexual comments.
>
> - On or around September 20, 2019, male students followed Plaintiff into a unisex bathroom stall and fondled her without supervision.
>
> - On or around October 1, 2019, Plaintiff reported continuing groping of her breasts and buttocks, causing her to cry to her grandmother.
>
> - On or around November 8, 2019, Plaintiff's grandmother observed bruises on Plaintiff's breasts that Plaintiff attributed to forceful grabbing by male students.
>
> - On or around December 23, 2019, during winter break, Plaintiff disclosed that male students forced her to perform oral sex between the gym and bathroom area of the playground.
>
> - On January 15–16, 2020, after school resumed, male students again pinched and groped Plaintiff, called her a "bitch," and instructed her to submit to "humping" behind a board.
>
> - On or around late-January 2020, while the teacher and teacher's assistants assisted another student outside of the classroom, two male students vaginally raped her in the

3

classroom.

Plaintiff asserts that CES and EGUSD received actual, repeated notice of sexual harassment well in advance of the January 2020 rape. *See id.* Despite receiving such notice, Plaintiff alleges that Defendants failed to: (1) separate Plaintiff from known aggressors; (2) initiate a statutorily required Title IX, sex discrimination/sexual misconduct, or child-abuse investigation; (3) promptly notify law enforcement or child protective services; (4) promptly inform Plaintiff's guardian of each incident; or (5) implement adequate safety measures, including safety measures mandated by the Master Contract between CES and EGUSD and Title IX. *See id.* at ¶¶ 47–50.

As a result of the sexual assaults and harassment that Plaintiff experienced while under the supervision of Defendants, Plaintiff has suffered from severe psychological trauma, regression in academic and social functioning, and ongoing medical and therapeutic expenses. *See id.* at 46. In 2023, Plaintiff was evaluated by Dr. Richard J. Shaw, M.D., a Professor of Psychiatry and Pediatrics at Stanford University School of Medicine and the Medical Director of the Pediatric Psychiatry Consult Service at Lucile Packard Children's Hospital at Stanford. *See* ECF No. 135-16. Following the mental health evaluation, Dr. Shaw concluded that Plaintiff developed symptoms of Post Traumatic Stress Disorder ("PTSD") following sexual assaults in early 2020, meeting all diagnostic criteria at that time. *See id.* at 17. Plaintiff no longer meets full PTSD criteria, but continues to experience trauma-related symptoms, particularly significant separation anxiety, now diagnosed as "Other Specified Trauma and Stressor-related Disorder." *Id.* Dr. Shaw anticipates that Plaintiff will face recurring trauma symptoms during major life transitions and recommends ongoing individual therapy through high school and beyond, additional therapy during significant transitions, and future couples therapy if needed. *See id.* at 17–18.

ECF No. 188, pgs. 3-4.

**B.**   **Settlement**

Plaintiff outlines the following summary of settlement efforts, which again the Court accepts as the pending motion is not opposed:

On September 12, 2025, the parties reached agreement on the terms of a settlement. *See* ECF No. 175. The compromise amount was reached after several months of intense negotiations between counsel for all parties, and the active participation of the Court. In light of the inherent risks of litigation, the complex factual and legal issues presented by this case, and the significant personal trauma that further litigation would likely cause C.R. and Tiffany Roe, the proposed settlement is both fair and reasonable. Both C.R. and Tiffany Roe attended the final settlement conference and expressly agreed to the settlement on the record. As of March 27, 2026, all parties have signed the settlement agreement. Commons Decl. ¶ 6.

/ / /

/ / /

4

///

Consistent with the Local Rules which require settlement funds to be disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person, the settlement will be managed for the benefit C.R. by Heather Fisher, a California-licensed private professional fiduciary.

ECF No. 188, pg. 5.

### C.    **The Special Needs Trust**

Plaintiff proposes using settlement proceeds to establish a special needs trust for the benefit of C.R.  According to Plaintiff:

C.R. is a young woman with lifelong and severe disabilities, including Autism Spectrum Disorder and Fetal Alcohol Syndrome, which substantially limit her social understanding, communication abilities, emotional processing, judgment, and capacity for self-care. She is further burdened by severe psychological trauma resulting from repeated sexual assaults documented in the litigation record, for which she continues to receive trauma-based therapy and has been diagnosed with severe signs of trauma. These conditions significantly impair her ability to protect herself, manage her finances, or advocate for her needs. Considering these permanent disabilities, the Court's duty of heightened scrutiny is essential.

A settlement that preserves C.R.'s eligibility for means-tested public benefits while providing supplemental resources serves her best interests. Without a special needs trust, the settlement proceeds would disqualify C.R. from Supplemental Security Income (SSI) and Medi-Cal, causing her to lose access to essential healthcare and income support. The settlement funds alone are insufficient to replace these lifetime benefits. Structuring the settlement to include establishment of a special needs trust is therefore necessary to protect C.R.'s interests.

ECF No. 188, pg. 6.

### D.    **Interest of Counsel**

Regarding Plaintiff's counsel's interest in the case, counsel provides the following:

Plaintiff's counsel did not become involved in Plaintiff's representation at the instance of Defendants, directly or indirectly, and has no relationship to Defendants. Rather, Plaintiff is represented by pro bono counsel from Sidley Austin LLP ("Sidley") and Equal Rights Advocates ("ERA"). Neither Sidley nor ERA have received any compensation in connection with their representation of Plaintiff. Per the engagement agreements, Sidley is entitled to recover costs incurred in handling this matter from any settlement proceeds, and ERA is entitled to a division of the fees as agreed upon with Sidley. Rather than take the full amount of costs

///

5

/ / /

> actually incurred from the settlement amount, with the consent of C.R. and Tiffany Roe, a portion of Sidley's costs—$25,000.00—will instead be distributed to ERA, and Sidley will take nothing.

> ECF No. 188, pgs. 11-12.

## II.  DISCUSSION

Having carefully considered Plaintiffs' unopposed motion in the context of the standards outlined above, the Court finds that the proposed settlement, including establishment of a special needs trust, is fair and reasonable.  As to the requirements of Local Rule 202, Plaintiff's motion establishes that C.R. was eleven years old when the incident at issue in this case occurred; C.R. was a minor when this lawsuit was filed; and C.R. has intellectual disabilities. Plaintiff's motion also explains the facts giving rise to C.R.'s claims, the details of the settlement, and counsel's interest in the case.  In this regard, Plaintiff's counsel's supplemental declaration filed under seal indicates that the total settlement amount reached is $400,000.00, with $25,000.00 to be donated on behalf of Plaintiff to Equal Rights Advocates and that the balance of $375,000.00 will fund the proposed special needs trust.

The Court finds that establishment of the proposed special needs trust is appropriate.  The Court also finds the proposed special needs trust complies with the requirements of 42 U.S.C. § 1396p(d)(4)(A) as well as applicable state rules and regulations. The Court also observes that Plaintiff will petition the state court to accept ongoing jurisdiction over facilitation and management of the trust consistent with state law reporting requirements.

Finally, the Court finds that the proposed settlement of the claims in this case for the total amount of $400,000.00, with $375,000.00 designated to be fund the proposed special needs trust, is fair and reasonable in light of settlements reached in similar cases involving minor's compromises.  See, e.g., Estate of Johnson, 2026 U.S. Dist. LEXIS 3555 ($108,837.75 net payment, where minors' father overdosed and died in jail); Estate of Prince, 2025 U.S. Dist. LEXIS 164782 ($57,916.67 net payment, where minors' father overdosed and died in jail); Cantu v. Kings County, 2023 U.S. Dist. LEXIS 226837 (E.D. Cal. Dec. 20, 2023) ($19,092.75 net

payment, where minor's father died in jail due to a seizure disorder that jail staff failed properly to monitor and treat), adopted, 2024 U.S. Dist. LEXIS 7787 (E.D. Cal., Jan. 12, 2024); Clines v. County of San Diego, 2022 U.S. Dist. LEXIS 205428 (S.D. Cal. Nov. 10, 2022) ($9,441.50 net payment, where minor's father died in jail due to "fentanyl overdose"), adopted, K.C.A. v. County of San Diego, 2022 U.S. Dist. LEXIS 211074 (S.D. Cal. Nov. 21, 2022); Patino v. County of Merced, 2020 U.S. Dist. LEXIS 189668 (E.D. Cal. Oct. 13, 2020) ($47,513.67 net payments to two minors, where minors' father was misdiagnosed and died of treatable valley fever while in jail for three months), adopted, 2020 U.S. Dist. LEXIS 210517 (E.D. Cal. Nov. 10, 2020); E.R. v. County of Stanislaus, 2016 U.S. Dist. LEXIS 78787 (E.D. Cal. June 15, 2016) ($19,000 net payments to two minors, where minors' father died in jail by suicide after expressing suicidal ideation during a medical screening), adopted, 2016 U.S. Dist. LEXIS 97547 (E.D. Cal. July 25, 2016); Frary v. County of Marin, 2015 U.S. Dist. LEXIS 16229 (N.D. Cal. Feb. 10, 2015) ($92,305.48 net payment to minor, where minor's father overdosed and died in jail while staff failed to monitor him); Hagan v. Cal. Forensic Med. Grp., 2013 U.S. Dist. LEXIS 15637 (E.D. Cal. Feb. 5, 2013) ($50,000 payment after annuitization, where the minor's father was denied medical treatment and medications while incarcerated in jail and prison before he was eventually transferred to a hospital where he died), adopted, 2013 U.S. Dist. LEXIS 18865 (E.D. Cal. Feb. 11, 2013); Estate of Gautier v. Hickman, 2008 U.S. Dist. LEXIS 49794 (E.D. Cal. June 27, 2008) ($75,000 net payment, where minor's father was mistreated by medical staff in prison where he suffered multiple diabetic seizures and was in-and-out of a hypoglycemic coma for several months before he died).

///
///
///
///
///
///
///

/ / /

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's unopposed motion for approval of an incompetent person's compromise and establishment of a special needs trust, ECF No. 188, is GRANTED.

2.  The terms of the settlement as set forth in Plaintiff's motion, including establishment of a special needs trust, are approved as fair and reasonable.

3.  To resolve the claims brought by C.R., and consistent with the terms of the settlement agreement placed on the record, Defendants shall pay a total of $400,000.00, payable as follows:

   a.  $25,000.00 payable to Equal Rights Advocates.

   b.  $375,000.00 for establishment of a special needs trust pursuant to 42 U.S.C. § 1396p(d)(4)(A).

4.  Upon establishment of the special needs trust, the trustee shall promptly petition the state court in the county with proper venue and jurisdiction to bring the trust under the state court's continuing supervision.

5.  Dispositional documents are due within 45 days of the date of payment of all settlement proceeds, including the amounts outlined above to fund the special needs trust.

Dated:  June 25, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

8